EXHIBIT A



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**New Case Electronically Filed: COMPLAINT**
**November 7, 2024 10:07**

By: DAVID S. NICHOL 0072194

Confirmation Nbr. 3321733

IIP MANAGEMENT, LLC

vs.

DANIEL SHIFTEH, ET AL

CV 24 106826

**Judge:**  WILLIAM F. B. VODREY

**Pages Filed:**  10

**IN THE COURT OF COMMON PLEAS
CUYAHOGA COUNTY, OHIO**

| | | |
|---|---|---|
| IIP Management, LLC<br>57 Alpha Park<br>Cleveland, OH  44143 | ) <br> ) <br> ) <br> ) | CASE NO:<br><br>JUDGE |
| Plaintiff, | ) <br> ) | **COMPLAINT FOR DEFAMATION;** |
| | ) | **TORTIOUS INTERFERENCE** |
| -vs- | ) | **WITH BUSINESS RELATIONS;** |
| | ) | **INJUNCTION** |
| Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| AZ Dream Properties, LLC<br>c/o Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br> ) <br> ) <br> ) | **DEMAND FOR JURY** |
| and | ) <br> ) | |
| Cleveland Dream Properties, LLC<br>c/o Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| Ohio Dream Properties, LLC<br>c/o Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br> ) <br> ) <br> ) | |
| and | ) <br> ) | |
| Irene Demetrulacos<br>2150 71st St., Apt. 2<br>East Elmhurst, NY  11370 | ) <br> ) <br> ) <br> ) | |
| Defendants. | ) | |

Now comes Plaintiff, IIP Management, LLC , and for its Complaint against Defendants, Daniel Shifteh, AZ Dream Properties, LLC, Cleveland Dream Properties, LLC, Ohio Dream Properties, LLC and Irene Demetrulacos, states as follows:

1.      Plaintiff, IIP Management, LLC ("IIP" or "Plaintiff"), is an Ohio Limited Liability Company formed in 2013 and is a licensed brokerage that manages residential real estate throughout Northeast Ohio.

2.      Defendant, Daniel Shifteh ("Shifteh") is an individual residing in New York, New York who has purchased numerous investment properties, either directly or through his Limited Liability Companies, including the properties at issue in this complaint that are located in the Cleveland area.

3.      Defendant, AZ Dream Properties, LLC, upon information and belief, is owned by Defendant Shifteh and conducts business in Ohio but is not duly registered with the State of Ohio.

4.      Defendant, Cleveland Dream Properties, LLC upon information and belief, is owned by Defendant Shifteh and conducts business in Ohio but is not duly registered with the State of Ohio.

5.      Ohio Dream Properties, LLC is a limited liability company licensed to conduct business in the State of Ohio.

6.      AZ Dream Properties, LLC, Cleveland Dream Properties, LLC and Ohio Dream Properties, LLC will be collectively referred to as "LLC's".

7.      Defendant, Irene Demetrulacos ("Demetrulacos") aka Irene Deme, is an individual residing in East Elmhurst, New York.

8.      In or around March of 2024, Daniel Shifteh, as owner of the three LLC's, terminated his existing property management company and executed five management agreements with IIP on

2

behalf of his LLC's. The five properties included a total of ten units as each of the properties were duplexes.

9.    Defendant Shifteh, on behalf of the LLC's, reviewed the agreements in detail and signed and initialed each page and signed as owner of the respective LLC. Plaintiff fully complied with those agreements.

10.    In or around July, 2024, Defendants terminated all five of the management agreements after just four months. Plaintiff had been managing the properties and collecting rent and applying charges pursuant to the contracts during this four-month period.

11.    A full accounting for all funds received, funds paid out and payments to Defendants were provided to the Defendants in the usual course of business after the terminations.

12.    The Plaintiff applied a termination fee of $500.00 per property as called for in the management agreements and this was also included in the accounting.

13.    Defendants falsely accused IIP of breach of contract, theft, fraud and misuse of funds in an effort to recover more funds than what they were owed.

14.    Defendant Daneil Shifteh filed a small claims matter and included unsubstantiated allegations of fraud based on IIP's application of charges expressly set forth in the agreements with the LLC's and as expressly acknowledged by Defendant Shifteh between March and July of 2024.

15.    Defendant Shifteh failed to attach the contracts to the complaint because IIP complied with these contracts and the actual contracts directly contradicts his false accusations of fraud.

16.    Defendant Shifteh also maliciously published false and defamatory statements on IIP's website as well as Yelp. A copy of the Yelp publication is attached as Exhibit "A". A copy of the website publication is attached as Exhibit "B".

3

17. When it was pointed out to Defendant Shifteh that he was publishing false accusations of fraud with the intent to damage IIP's business, not only did Shifteh refuse to remove his defamatory statements, he enlisted a third party, Defendant Demetrulacos, to also publish defamatory statements about IIP. The defamatory statement by Defendant Demetrulacos is attached as Exhibit "C".

18. Defendant Demetrulacos has never had any dealings or communications with anyone at IIP and has no personal knowledge of what Defendant Shifteh agreed to or what charges were made by IIP and why. Yet, she posted a statement that IIP had stolen money and engaged in fraud.

## Count One-Defamation

19. Paragraphs 1 through 18 are incorporated as if fully rewritten herein.

20. Defendants' statements were false and disparaging and were intended to damage the Plaintiff's business.

21. The statements by the Defendants were directed at customers and potential customers of the Plaintiff with the clear objective of persuading these customers to refrain from conducting business with IIP.

22. The statements by Defendants were intended to damage Plaintiff's reputation with potential customers, amongst its peers and in the community as a whole.

23. As the communications were defamatory per se, Plaintiff is entitled to a presumption of damages. In addition, IIP had tracked an approximate 50% reduction of signed contracts from people that go onto its website since the defamatory statements were published by Defendants.

24. The actions of the Defendants were also wanton, willful and malicious entitling Plaintiff to punitive damages.

4

## Count Two  Tortious Interference with Business

25.     Paragraphs 1 through 24 are incorporated as if fully rewritten herein.

26.     The statements posted by Defendants were material and were intended to dissuade anyone reviewing the statements from entering into contracts with IIP.

27.     Defendants knew that the statements were false because Defendants had possession of the management agreements that set forth what charges were permitted.

28.     To have a contract that states that IIP would charge a certain amount for a certain service and then to publish statements that IIP engaged in fraud and stole money by collecting charges that were agreed upon pursuant to the written agreements is a clear intent to misrepresent material information.

29.     The Defendants knew that their false accusations would be read by customers and potential customers of the Plaintiff.

30.     The false statements were not privileged or justified.

31.     As a direct and proximate result of the statements and actions of the Defendants, IIP has suffered damages in an amount to be proven at the time of trial but in excess of the jurisdictional limits of this Court.

32.     Defendants' actions were also wanton, willful, egregious and malicious entitling Plaintiff to punitive damages.

## Count Three-Injunctive Relief

33.     Paragraphs 1 through 32 are incorporated as if fully rewritten herein.

34.     IIP is seeking injunctive relief as damages alone will not be sufficient relief. Defendants' actions are adversely impacting IIP's business and will continue to do so absent an Order from this court that Defendants remove any publications about IIP.

5

35.     Plaintiff will be irreparably harmed absent injunctive relief.

36.     Plaintiff is entitled to injunctive relief against Defendants as its remedies at law are inadequate to fully protect its interests.

37.     Plaintiff is entitled to temporary, preliminary and permanent injunctive relief pursuant to which Defendants be restrained and enjoined from making further false and disparaging statements about the Plaintiff.

Wherefore Plaintiff prays for judgment as follows:

a)     That Plaintiff be awarded compensatory damages against Defendants in an amount to be proven at the time of trial.

b)     That on Count Three, Plaintiff be awarded injunctive relief against Defendants precluding Defendants from directly or indirectly publishing any statements about the Plaintiff, including the false or disparaging statements on Yelp, Google, IIP's website and any other review sites.

c)     That on Count One and Count Three, Plaintiff be awarded punitive damages.

d)     For all other relief that the Court deems equitable and just.

Respectfully submitted,


/s/ David S. Nichol
DAVID S. NICHOL (0072194)
RODERICK LINTON BELFANCE, LLP
50 S. Main, 10th Floor
Akron, OH 44308
(330) 434-3000
dnichol@rlbllp.com

Attorney for Plaintiff, IIP Management, LLC

6

## INSTRUCTIONS FOR SERVICE

Please serve all Defendants via *Certified Mail, Return Receipt Requested*, at the addresses listed in the caption of the Complaint.

*/s/ David S. Nichol*
David S. Nichol (0072194)

7



**1:57**

🔒 yelp.com

✦ Open app

RECOMMENDED REVIEWS IN MANAGEMENT

**Your trust is our top concern,** so businesses can't pay to alter or remove their reviews. **Learn more about reviews.**  ✕

Start your review...



### Daniel S.

📷 0  ⭐ 4  🖼 6



2 months ago

IIP was hired to manage my 5 properties on March 2024 . This was the biggest regret and mistake of my professional career.

I noticed substantial evidence of fraud and misappropriation of funds by IIP Management under Violetta management, and despite repeated request and notices to cease and desist such unauthorized activities and falsification of records, they continue to steal and misuse my funds and made of charges for services never rendered. I am currently suing them in Cleveland small claims court. So be aware of this entity and stay away

**1:53** 



← **Daniel Shifteh**
3 reviews · 3 photos



⭐ ☆ ☆ ☆ ☆  a month ago

IIP was hired to manage my 5 properties on March 2024 . This was the biggest regret and mistake of my professional career.
I believed to have noticed substantial evidence of alleged fraud and alleged misappropriation of funds by IIP Management under Violetta management, and despite repeated request and notices to cease and desist such unauthorized activities and falsification of records, they appeared to have continue to steal and misuse my funds in my opinion and made up charges for services never rendered as evidence shows. I am currently suing them in Cleveland small claims court. So be aware of this entity and stay away



**IIP** MANAGEMENT
Your Investment. Our Priority.

EXHIBIT

C

# You have 1 negative review

 **IIP Management** was reviewed by **irene deme**
Google - Nov 3, 2024

    1.0/5

Stay far, far away from this 'business' if you value your hard-earned money. Not only did they mishandle my friend's funds without any transparency, but he later found out they had been engaging in unauthorized activities with owners account—completely unethical and borderline criminal. They're all smiles when you sign on, but their true colors come out fast. It's clear they're just out to milk owners dry and cover their tracks when they're caught. Avoid this nightmare at all costs!

**Affordability**    **Customer Effort**   **Customer Service**

**Respond to Review**

View our <u>privacy notice</u> | <u>Unsubscribe</u> from these email notifications

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

IIP MANAGEMENT, LLC
**Plaintiff**

V.

DANIEL SHIFTEH, ET AL
**Defendant**

**CASE NO.** CV24106826

**JUDGE** WILLIAM F. B. VODREY

# SUMMONS SUMC CM

Notice ID: 55275954



| From: | IIP MANAGEMENT, LLC | P1 |
|---|---|---|
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
|---|---|
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | IRENE DEMETRULACOS | D5 |
|---|---|---|
| | 2150 71ST ST., APT. 2 | |
| | EAST ELMHURST NY 11370 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 11/07/2024

By_____

**Deputy**

CMSN130

Date Produced: 11/18/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6424 25. Our records indicate that this item was delivered on 11/12/2024 at 01:25 p.m. in EAST ELMHURST, NY 11370. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>IIP MANAGEMENT, LLC</u>
**Plaintiff**

V.

<u>DANIEL SHIFTEH, ET AL</u>
**Defendant**

**CASE NO.** CV24106826

**JUDGE** WILLIAM F. B. VODREY

# SUMMONS  SUMC  CM

**Notice ID:** 55275953

| From: | IIP MANAGEMENT, LLC | P1 |
|---|---|---|
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
|---|---|
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | OHIO DREAM PROPERTIES, LLC | D4 |
|---|---|---|
| | C/O DANIEL SHIFTEH | |
| | 225 E. 36 ST., APT. 19 FG | |
| | NEW YORK NY 10016 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>11/07/2024</u>

**By**_____
**Deputy**

CMSN130

Date Produced: 11/18/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6423 88. Our records indicate that this item was delivered on 11/12/2024 at 06:31 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :     **225 E 36TH ST APT 15B, NEW YORK, NY 10016**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

IIP MANAGEMENT, LLC
**Plaintiff**

V.

DANIEL SHIFTEH, ET AL
**Defendant**

**CASE NO.** CV24106826

**JUDGE** WILLIAM F. B. VODREY

# SUMMONS SUMC CM

**Notice ID:** 55275952

| From: | IIP MANAGEMENT, LLC | P1 |
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | CLEVELAND DREAM PROPERTIES, LLC | D3 |
| | C/O DANIEL SHIFTEH | |
| | 225 E. 36 ST., APT. 19 FG | |
| | NEW YORK NY 10016 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** 11/07/2024

**By**_____
**Deputy**

CMSN130

Date Produced: 12/02/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6423 40. Our records indicate that this item was delivered on 11/25/2024 at 08:14 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>IIP MANAGEMENT, LLC</u>
**Plaintiff**

V.

<u>DANIEL SHIFTEH, ET AL</u>
**Defendant**

**CASE NO.** CV24106826

**JUDGE** WILLIAM F. B. VODREY

# SUMMONS  SUMC  CM

Notice ID: 55275951



| From: | IIP MANAGEMENT, LLC | P1 |
|---|---|---|
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
|---|---|
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | AZ DREAM PROPERTIES, LLC | D2 |
|---|---|---|
| | C/O DANIEL SHIFTEH | |
| | 225 E. 36 ST., APT. 19 FG | |
| | NEW YORK NY 10016 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

**Date Sent:** <u>11/07/2024</u>

**By**_____

**Deputy**

CMSN130

**UNITED STATES**
**POSTAL SERVICE**™

Date Produced: 11/18/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6423 02. Our records indicate that this item was delivered on 11/12/2024 at 06:31 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :     **225 E 36TH ST APT 15B, NEW YORK, NY 10016**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>IIP MANAGEMENT, LLC</u>
**Plaintiff**

V.

<u>DANIEL SHIFTEH, ET AL</u>
**Defendant**

**CASE NO.**  CV24106826

**JUDGE**  WILLIAM F. B. VODREY

# SUMMONS  SUMC  CM

Notice ID:  55275950



| From: | IIP MANAGEMENT, LLC<br>57 ALPHA PARK<br>CLEVELAND OH 44143 | P1 |
|---|---|---|

| Atty.: | DAVID S NICHOL<br>50 S MAIN ST<br>10TH FLOOR<br>AKRON, OH 44308-0000 |
|---|---|

| To: | DANIEL SHIFTEH<br>225 E. 36 ST, APT. 19 FG<br>NEW YORK NY 10016 | D1 |
|---|---|---|

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff and grant the relief requested in the **Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>11/07/2024</u>

By_____
**Deputy**

CMSN130

**POSTAL SERVICE**™

Date Produced: 11/18/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6422 72. Our records indicate that this item was delivered on 11/12/2024 at 06:31 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :      **225 E 36TH ST APT 15B, NEW YORK, NY 10016**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**AMENDED COMPLAINT $75**
**November 15, 2024 16:09**

By: DAVID S. NICHOL 0072194

Confirmation Nbr. 3330025

| | |
|---|---|
| IIP MANAGEMENT, LLC | CV 24 106826 |
| vs. | |
| DANIEL SHIFTEH, ET AL | **Judge:**  WILLIAM F. B. VODREY |

**Pages Filed:**  1

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| IIP Management, LLC<br>57 Alpha Park<br>Cleveland, OH  44143 | ) <br>) <br>) <br>) | CASE NO: CV 24 106826<br><br>JUDGE WILLIAM F.B. VODREY |
| Plaintiff, | ) <br>) <br>) <br>) <br>) <br>) | **AMENDED COMPLAINT<br>FOR DEFAMATION;<br>TORTIOUS INTERFERENCE<br>WITH BUSINESS RELATIONS;<br>INJUNCTION** |
| -vs- | ) <br>) | |
| Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br>) <br>) <br>) | |
| and | ) <br>) | |
| AZ Dream Properties, LLC<br>c/o Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br>) <br>) <br>) <br>) | **DEMAND FOR JURY** |
| and | ) <br>) | |
| Cleveland Dream Properties, LLC<br>c/o Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br>) <br>) <br>) <br>) | |
| and | ) <br>) | |
| Ohio Dream Properties, LLC<br>c/o Daniel Shifteh<br>225 E. 36 St., Apt. 19 FG<br>New York, NY  10016 | ) <br>) <br>) <br>) <br>) | |
| and | ) <br>) | |
| Irene Demetrulacos<br>2150 71st St., Apt. 2<br>East Elmhurst, NY  11370 | ) <br>) <br>) <br>) | |
| Defendants. | ) <br>) | |

Now comes Plaintiff, IIP Management, LLC , and for its Complaint against Defendants, Daniel Shifteh, AZ Dream Properties, LLC, Cleveland Dream Properties, LLC, Ohio Dream Properties, LLC and Irene Demetrulacos, states as follows:

1.      Plaintiff, IIP Management, LLC ("IIP" or "Plaintiff"), is an Ohio Limited Liability Company formed in 2013 and is a licensed brokerage that manages residential real estate throughout Northeast Ohio.

2.      Defendant, Daniel Shifteh ("Shifteh") is an individual residing in New York, New York who has purchased numerous investment properties, either directly or through his Limited Liability Companies, including the properties at issue in this complaint that are located in the Cleveland area.

3.      Defendant, AZ Dream Properties, LLC, upon information and belief, is owned by Defendant Shifteh and conducts business in Ohio but is not duly registered with the State of Ohio.

4.      Defendant, Cleveland Dream Properties, LLC upon information and belief, is owned by Defendant Shifteh and conducts business in Ohio but is not duly registered with the State of Ohio.

5.      Ohio Dream Properties, LLC is a limited liability company licensed to conduct business in the State of Ohio.

6.      AZ Dream Properties, LLC, Cleveland Dream Properties, LLC and Ohio Dream Properties, LLC will be collectively referred to as "LLC's".

7.      Defendant, Irene Demetrulacos ("Demetrulacos") aka Irene Deme, is an individual residing in East Elmhurst, New York.

8.      In or around March of 2024, Daniel Shifteh, as owner of the three LLC's, terminated his existing property management company and executed five management agreements with IIP on

2

behalf of his LLC's. The five properties included a total of ten units as each of the properties were duplexes.

9. Defendant Shifteh, on behalf of the LLC's, reviewed the agreements in detail and signed and initialed each page and signed as owner of the respective LLC. Plaintiff fully complied with those agreements.

10. In or around July, 2024, Defendants terminated all five of the management agreements after just four months. Plaintiff had been managing the properties and collecting rent and applying charges pursuant to the contracts during this four-month period.

11. A full accounting for all funds received, funds paid out and payments to Defendants were provided to the Defendants in the usual course of business after the terminations.

12. The Plaintiff applied a termination fee of $500.00 per property as called for in the management agreements and this was also included in the accounting.

13. Defendants falsely accused IIP of breach of contract, theft, fraud and misuse of funds in an effort to recover more funds than what they were owed.

14. Defendant Daneil Shifteh filed a small claims matter and included unsubstantiated allegations of fraud based on IIP's application of charges expressly set forth in the agreements with the LLC's and as expressly acknowledged by Defendant Shifteh between March and July of 2024.

15. Defendant Shifteh failed to attach the contracts to the complaint because IIP complied with these contracts and the actual contracts directly contradicts his false accusations of fraud.

16. Defendant Shifteh also maliciously published false and defamatory statements on IIP's website as well as Yelp. A copy of the Yelp publication is attached as Exhibit "A". A copy of the website publication is attached as Exhibit "B".

3

17.     When it was pointed out to Defendant Shifteh that he was publishing false accusations of fraud with the intent to damage IIP's business, not only did Shifteh refuse to remove his defamatory statements, on information and belief he enlisted a third party, Defendant Demetrulacos, to also publish defamatory statements about IIP.  The defamatory statement by Defendant Demetrulacos is attached as Exhibit "C".

18.     Defendant Demetrulacos has never had any dealings or communications with anyone at IIP and has no personal knowledge of what Defendant Shifteh agreed to or what charges were made by IIP and why.  Yet, she posted a statement that IIP had stolen money and engaged in fraud.

19.     When Defendants Shifteh and the LLC Defendants were notified that the defamatory publications were severally damaging the Plaintiff's business with the request to remove them, Defendants reposted the defamatory statement on Plaintiff's website to make sure it would be the first review read by any existing or prospective client of the Plaintiffs.  A copy of this publication is attached as Exhibit "D".

## **Count One-Defamation**

20.     Paragraphs 1 through 19 are incorporated as if fully rewritten herein.

21.     Defendants' statements were false and disparaging and were intended to damage the Plaintiff's business.

22.     The statements by the Defendants were directed at customers and potential customers of the Plaintiff with the clear objective of persuading these customers to refrain from conducting business with IIP.

23.     The statements by Defendants were intended to damage Plaintiff's reputation with potential customers, amongst its peers and in the community as a whole.

4

24.      In addition, IIP had tracked an approximate 50% reduction of signed contracts from people that go onto its website since the defamatory statements were published by Defendants.

25.      The Plaintiff has lost at least 5-7 clients per month since the time Defendants initiated the defamatory statements.  The damages through the date of this Amended Complaint already exceed $100,000.00. Defendants are refusing to remove the defamatory publications even after being notified of the damages they are causing.  In response to request to  remove the defamatory publications, Defendants have in turn re-published the defamatory accusations in order to make them even more public as the first review that is posted when excessing the Plaintiff's website.

26.      In any event, as the communications were defamatory per se, Plaintiff is entitled to a presumption of damages.

27.      The actions of the Defendants were also wanton, willful and malicious entitling Plaintiff to punitive damages.

### Count Two  Tortious Interference with Business

28.      Paragraphs 1 through 27 are incorporated as if fully rewritten herein.

29.      The Plaintiff relies on its marketing to promote the company and to gain new clients for property management services.  The Defendants are aware of this and targeted and continue to target these prospective clients by continuing to publish the defamatory statements.

30.      The statements posted by Defendants were material and were intended to dissuade anyone reviewing the statements from entering into contracts with IIP.

31.      Defendants knew that the statements were false because Defendants had possession of the management agreements that set forth what charges were permitted.

32.      To have a contract that states that IIP would charge a certain amount for a certain service and then to publish statements that IIP engaged in fraud and stole money by collecting

5

charges that were agreed upon pursuant to the written agreements is a clear intent to misrepresent material information.

33.     The Defendants knew that their false accusations would be read by customers and potential customers of the Plaintiff.

34.     The false statements were not privileged or justified.

35.     As a direct and proximate result of the statements and actions of the Defendants, IIP has suffered damages exceeding $100,000.00 and that will continue to grow each day the Defendants refuse to cease and desist from publishing these statements. .

36.     Defendants' actions were and continue to be wanton, willful, egregious and malicious entitling Plaintiff to punitive damages in an amount to be determined at the time of trial..

**<u>Count Three-Injunctive Relief</u>**

37.     Paragraphs 1 through 36 are incorporated as if fully rewritten herein.

38.     IIP is seeking injunctive relief as damages alone will not be sufficient relief. Defendants' actions are adversely impacting IIP's business and will continue to do so absent an Order from this court that Defendants remove any publications about IIP.

39.     Plaintiff will be irreparably harmed absent injunctive relief.

40.     Plaintiff is entitled to injunctive relief against Defendants as its remedies at law are inadequate to fully protect its interests.

41.     Plaintiff is entitled to temporary, preliminary and permanent injunctive relief pursuant to which Defendants be restrained and enjoined from making further false and disparaging statements about the Plaintiff.

Wherefore Plaintiff prays for judgment as follows:

6

a)      That Plaintiff be awarded damages against Defendants on Counts One and Two in excess of $25,000.00, in an amount to be proven at the time of trial.

b)      That on Count Three, Plaintiff be awarded injunctive relief against Defendants precluding Defendants from directly or indirectly publishing any statements about the Plaintiff, including the  false or disparaging statements on Yelp, Google, IIP's website and any other review site.

c)      That on Count One and Count Three, Plaintiff be awarded punitive damages in an amount to be determined at the time of trial.

d)      For all other relief that the Court deems equitable and just.

Respectfully submitted,


/s/ David S. Nichol
DAVID S. NICHOL (0072194)
RODERICK LINTON BELFANCE, LLP
50 S. Main, 10th Floor
Akron, OH 44308
(330) 434-3000
dnichol@rlbllp.com

Attorney for Plaintiff, IIP Management, LLC



**INSTRUCTIONS FOR SERVICE**

Please serve all Defendants via *Certified Mail, Return Receipt Requested*, at the addresses listed in the caption of the Amended Complaint.


/s/ David S. Nichol
David S. Nichol (0072194)

7

1:57



🔒 yelp.com

**EXHIBIT**

A

← ✳ Open app ☰

RECOMMENDED REVIEWS in MANAGEMENT

**Your trust is our top concern,** so businesses can't pay
to alter or remove their reviews. **Learn more about**     ✕
**reviews.**

Start your review...

 **Daniel S.**

📷 0 ⭐ 4 📷 6

  2 months ago

IIP was hired to manage my 5 properties on March 2024 .
This was the biggest regret and mistake of my professional
career.
I noticed substantial evidence of fraud and misappropria-
tion of funds by IIP Management under Violetta manage-
ment, and despite repeated request and notices to cease
and desist such unauthorized activities and falsification of
records, they continue to steal and misuse my funds and
made of charges for services never rendered. I am currently
suing them in Cleveland small claims court. So be aware of

this entity and stay away

1:53 

🔒 🔍 lip management reviews



**Daniel Shifteh**
3 reviews · 3 photos


EXHIBIT
B

 ★★★★★ a month ago

IIP was hired to manage my 5 properties on March 2024 . This was the biggest regret and mistake of my professional career.

I believed to have noticed substantial evidence of alleged fraud and alleged misappropriation of funds by IIP Management under Violetta management, and despite repeated request and notices to cease and desist such unauthorized activities and falsification of records, they appeared to have continue to steal and misuse my funds in my opinion and made up charges for services never rendered as evidence shows. I am currently suing them in Cleveland small claims court. So be aware of this entity and stay away



**IIP MANAGEMENT**
Your Investment. Our Priority.

EXHIBIT

C

# You have 1 negative review

 **IIP Management** was reviewed by **irene deme**
Google - Nov 3, 2024

  1.0/5

Stay far, far away from this 'business' if you value your hard-earned money. Not only did they mishandle my friend's funds without any transparency, but he later found out they had been engaging in unauthorized activities with owners account—completely unethical and borderline criminal. They're all smiles when you sign on, but their true colors come out fast. It's clear they're just out to milk owners dry and cover their tracks when they're caught. Avoid this nightmare at all costs!

**Affordability**  **Customer Effort**  **Customer Service**

**Respond to Review**

View our privacy notice | Unsubscribe from these email notifications

From: Violetta Varenkova <violetta@iip-management.com>
Sent: Wednesday, November 13, 2024 at 8:18 AM
To: Dave Nichol <DNichol@riblip.com>
Subject: Daniel Shifteh review again

Good morning , please see attached screenshot he updated his review again today to push it to the top.



8:09 ◀                                    .ıll 5G+ 93

🔒 biz.yelp.com

Reviews  ›  Daniel's review

  **Daniel S.**

⊙ 0   ⊛ 4   🖾 6



EXHIBIT

D

⊞       11/13/24       Updated review       • • •

IIP was hired to manage my 5 properties on March 2024 .
This was the biggest regret and mistake of my
professional career.
I believed to have noticed substantial evidence of alleged
fraud and alleged misappropriation of funds by IIP
Management under Violetta management, and despite
repeated request and notices to cease and desist such
unauthorized activities, they appeared to have continue to
misuse my funds in my opinion. I noticed charges for
services I do not believe were ever rendered, as shown by
my records. I am currently suing them in Cleveland small
claims court. So be aware of this entity and stay awa

⌞ Comment ⌝ ⌞ Direct message ⌝

👤 **Daniel S.'s previous review**

⊞            8/27/24

IIP was hired to manage my 5 properties on March
2024 . This was the biggest regret and mistake of
my professional career.
I noticed substantial evidence of fraud and
misappropriation of funds by IIP Management
under Violetta management, and despite repeated
request and notices to cease and desist such
unauthorized activities and falsification of records,
they continue to steal and misuse my funds and
made of charges for services _____

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

IIP Management, LLC,                )        CASE NO.: CV 24 106826
                                    )
              Plaintiffs,           )        JUDGE WILLIAM F.B. VODREY
                                    )
vs.                                 )        <u>INSTRUCTIONS FOR SERVICE</u>
                                    )
Daniel Shifteh, et al               )
                                    )
              Defendants.           )

Please serve the Amended Complaint upon Defendants via *Certified Mail, Return Receipt*

*Requested,* at the addresses listed in the caption of the Amended Complaint.


Respectfully submitted,

*/s/ David S. Nichol*
David S. Nichol (0072194)



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**AFFIDAVIT OF/FOR...**
**November 15, 2024 17:24**

By: DAVID S. NICHOL 0072194

Confirmation Nbr. 3330151

IIP MANAGEMENT, LLC                                    CV 24 106826

vs.

DANIEL SHIFTEH, ET AL                    **Judge:**  WILLIAM F. B. VODREY

**Pages Filed:**  2

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

| | | |
|---|---|---|
| IIP MANAGEMENT, LLC | ) | CASE NO.: CV 24 106826 |
| | ) | |
| **Plaintiff,** | ) | **JUDGE WILLIAM F.B. VODREY** |
| | ) | |
| vs. | ) | |
| | ) | **CERTIFICATE OF SERVICE** |
| DANIEL SHIFTEH, et al | ) | |
| | ) | |
| | ) | |
| **Defendants.** | ) | |

Attached is the Affidavit of David S. Nichol regarding the service of the TRO.

Respectfully submitted,

**RODERICK LINTON BELFANCE, LLP**

*/s/ David S. Nichol*
David S. Nichol (0072194)
50 S. Main Street, 10th Floor
Akron, Ohio 44308
(330) 434-3000    Fax (330) 434-9220
dnichol@rlbllp.com

Attorney for Plaintiffs

## **AFFIDAVIT RE: NOTICE OF TRO**

I, David S. Nichol, being first duly sworn do depose and declare under penalty of perjury that, to the best of my knowledge and belief, that the representations made in this Affidavit are true and correct.

1.      I am over the age of eighteen and I have personal knowledge of the following.

2.      As Plaintiff's Attorney, on November 7, 2024 I sent the complaint for defamation, tortious interference and injunctive relief to Danial Shifteh.  I included in my e-mail cover letter that my client would be seeking a TRO to stop him from posting accusations of fraud.

3.      I subsequently had numerous communications with Daniel Shifteh and asked him a number of times to remove the public accusations of fraud. Rather than remove the publications, Daniel Shifteh reposted the fraud accusations so that they would be the first review any client or potential client would see when accessing the Plaintiffs website.

4.      Based on the response to increase efforts to damage the Plaintiffs business after first notifying Daniel Shifteh and his LLC's, I have not yet sent copies of the actual TRO and Application for Preliminary Injunction.

5.      I am prepared to serve copies of the moving papers to Daniel Shifteh's e-mail address immediately after addressing the TRO requests and scheduling with the Court.

FURTHER AFFIANT SAYETH NAUGHT.

)

)        SS

)

David S. Nichol

Sworn to before me, a Notary Public this 15th day of November, 2024.

Michelle L. Ferguson
Notary Public, State of Ohio
My Commission Expires:
October 13, 2028

NOTARY PUBLIC



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**MOTION FOR TEMPORARY RESTRAINING ORDER**
**November 18, 2024 15:24**

By: DAVID S. NICHOL 0072194

Confirmation Nbr. 3331278

IIP MANAGEMENT, LLC                          CV 24 106826

vs.

DANIEL SHIFTEH, ET AL                        **Judge:** WILLIAM F. B. VODREY

**Pages Filed:** 19

**IN THE COURT OF COMMON PLEAS**
**CUYAHOGA COUNTY, OHIO**

IIP Management, LLC
57 Alpha Park
Cleveland, OH  44143

   Plaintiff,

  -vs-

Daniel Shifteh
225 E. 36 St., Apt. 19 FG
New York, NY  10016

and

AZ Dream Properties, LLC
c/o Daniel Shifteh
225 E. 36 St., Apt. 19 FG
New York, NY  10016

and

Cleveland Dream Properties, LLC
c/o Daniel Shifteh
225 E. 36 St., Apt. 19 FG
New York, NY  10016

and

Ohio Dream Properties, LLC
c/o Daniel Shifteh
225 E. 36 St., Apt. 19 FG
New York, NY  10016

and

Irene Demetrulacos
2150 71st St., Apt. 2
East Elmhurst, NY  11370

)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)
)

CASE NO:  CV 2024 106826

JUDGE WILLIAM F.B. VODREY

**APPLICATION FOR TRO**
**AND MOTION FOR PRELIMINARY**
**INJUNCTION**

Defendants.                )
                           )

Now comes Plaintiff, IIP Management, LLC , and for its Application for a Temporary

Restraining Order Motion for Preliminary Injunction pursuant to Civil Rule 65 and R.C.272.02

As the accompanying Memorandum and Affidavits in support of the application and

motion show Plaintiff faces imminent, irreparable harm if injunctive relief is not granted.

Respectfully submitted,

RODERICK LINTON BELFANCE, LLP

/s/ David S. Nichol
DAVID S. NICHOL (0072194)
50 South Main, 10th Floor
Akron, Ohio 44308
Telephone  (330) 434-3000
Email:  dnichol@rlbllp.com
Attorneys for Plaintiffs

## MEMORANDUM IN SUPPORT OF PLAINTIFF'S MOTION
## FOR TEMPORARY RESTRAINING ORDER

**1.**     **Summary and Facts**

Plaintiff, IIP Management, LLC  ("IIP" or "Plaintiff"), is an Ohio Limited Liability Company formed in 2013 and is a licensed brokerage that manages residential real estate throughout Northeast Ohio.

Defendant, Daniel Shifteh ("Shifteh") is an individual residing in New York, New York who has purchased numerous investment properties, either directly or through his Limited Liability Companies, including the properties at issue in this complaint that are located in the Cleveland area.  The LLC's set up by Defendant Shifteh include AZ Dream Properties, LLC, Cleveland Dream Properties, LLC and Ohio Dream Properties, LLC ("collectively referred to as the "LLC Defendants".

Defendant, Irene Demetrulacos ("Demetrulacos") aka Irene Deme, is an individual residing in East Elmhurst, New York who posted a defamatory review about the Plaintiff at the request of "a friend" who on information and belief was Defendant Shifteh.

In or around March of 2024, Defendant Shifteh, as owner of the LLC's, terminated his existing property management company and executed five management agreements with IIP on behalf of his LLC's.  The five properties included a total of ten units as each of the properties were duplexes.

Defendant Shifteh, on behalf of the LLC's, reviewed the agreements in detail and signed and initialed each page and signed as owner of the respective LLC.  Plaintiff fully complied with those agreements.

In or around July, 2024, Defendants terminated all five of the management agreements

after just four months.  Plaintiff had been managing the properties and collecting rent and applying charges pursuant to the contracts during this four-month period.

A full accounting for all funds received, funds paid out and payments to Defendants were provided to the Defendants in the usual course of business after the terminations.

Defendants falsely accused IIP of breach of contract, theft, fraud and misuse of funds in an effort to recover more funds than what they were owed. When Plaintiff refused to acknowledge that Defendants were owed money as all charges were set forth in the contracts, Defendants and Shifteh maliciously published false and defamatory statements on IIP's website and on Yelp. (See Affidavit of Violetta Varenkova attached as Exhibit "1").

Defendants were asked to remove the posts as they were damaging the Plaintiff's business. Defendants not only refused but in-turn reposted the reviews to insure that they would be the first review scene by potential clients of the Plaintiff.

Plaintiff is seeking a TRO and Preliminary Injunction to prohibit the Defendants from continuing to publish information regarding the Plaintiff, including but not limited to publications accusing Plaintiff of fraud or mishandling of funds.

## Law and Argument

A temporary restraining order "serves as an equitable policing matter to prevent the parties from harming one another during the litigation; to keep the parties, while the suit goes on, as much as possible in the respective positions they occupied when the suit began." *Hamilton Watch Co. V. Benrus Watch Co.* (2d Cir. 1953), 206 F.2d 738, 742.

In the present case, the Plaintiff seeks injunctive relief to prevent the Defendants from publishing any information intending to harm the Plaintiff's business or interfere with their clients or prospective clients.

### A.     <u>A TRO is warranted pursuant to Civil Rule 65 and R.C. 2727.02</u>

Civil Rule 65 provides that a temporary restraining order may be granted if it appears from the facts that "immediate and irreparable injury loss or damage will result to the applicant before the adverse party can be heard and the attorney certifies that efforts were made to provide notice or the reasons why such notice was not provided." See Affidavit of Violetta Varenkova outlining the urgency and irreparable harm that will result if the TRO is not granted.

Revised Code Section 2727.02 provides that:

> "A temporary order may be granted restraining an act when it appears by the petition that the plaintiff is entitled to the relief demanded, and such relief, or any part of it, consists in restraining the commission or continuance of such act, the commission or continuance of which, during the litigation, would produce great or irreparable injury to the plaintiff, or when, during the litigation, it appears that the defendant is doing, threatens or is about to do, or is procuring or permitting to be done, such act in violation of the plaintiff's rights respecting the subject of the action, and tending to render the judgment ineffectual."

The Defendants are publicly accusing the Plaintiff of fraud based on Plaintiff charging the Defendants for services actually provided and that are set forth in management agreements. As stated in the Affidavit of Violetta Varenkova, IIP has lost substantial business and will continue to lose substantial business each day that Defendants are permitted to publicly accuse IIP of engaging in fraud.

Accordingly, Plaintiff requests a TRO and Preliminary Injunction providing the following relief:

       a) That Defendants be precluded from making any publications of any kind referring to the Plaintiff or its owners or representatives pending further order of this court.

### B.     <u>A Preliminary Injunction is also warranted pursuant to Civil Rule 65</u>

Plaintiff also satisfies the standard for a Preliminary Injunction. Pursuant to Civil Rule 65(B), a preliminary injunction is appropriate if the moving party can show:

1.      The likelihood or probability of success on the merits;

2.      The issuance of an injunction will prevent irreparable harm;

3.      The lack of injury to other party by granting the injunction; and

4.      That the public interest will be served.

*City of Cleveland v. Cleveland Electric Illuminating Company* (1996), 115 Ohio App.3d 1, 12; *Van Guard Transp. Sys., Inc. v. Edwards Transfer and Storage Co.*, (1996), 109 Ohio App.3d 786, 790. These factors must be balanced "with the flexibility which traditionally has characterized the law of equity." *City of Cleveland*, 115 Ohio App.3d at 114. Consequently, the application of the factors relevant to a motion seeking preliminary injunctive relief is a flexible balancing test, where the presence of one or more factors may make up for the absence of others. *Frisch's Restaurant, Inc., v. Schoney's, Inc.* (6th Cir. 1985), 759 F.2d 1261.

### 1) <u>Likelihood of success on the merits</u>

There is a substantial likelihood that Plaintiff will prevail on the merits of its claims. To demonstrate a substantial likelihood of success on the merits, Plaintiff need not show that it would prevail at trial; they need only show that a reasonable trier of fact would probably find in its favor after full trial on the merits. *City of Cleveland v. Cleveland Elec. Illuminating Co.* (1996), 115 Ohio App. 3d 1, 12, 14. Because the request for relief is preliminary in nature, it is enough for the moving party to show that it has raised serious questions coupled with some balance of hardship in its favor. *Worthington Foods, Inc. v. Kellogg Company* (S.D. Ohio 1990), 732 F. Supp. 1417, 1428. Based on the facts set forth in the Plaintiffs' Complaint and the attached affidavit of Violetta Varenkova and the publications by Defendants attached there to

(Exhibit 1-A-D) Plaintiff is substantially likely to prevail on the merits of their claims in this action.

It cannot be reasonably disputed that Defendants are causing irreparable harm to the Plaintiff. Plaintiff is alleging claims for defamation and tortious interference and is seeking injunctive relief with respect to the defamation and interference claims. Pursuant to the Affidavit in support of this motion, the Plaintiff has established that it is likely to prevail on these claims.

    **a.**    **Likelihood that Plaintiff's will prevail on claim for Intentional Interference with contracts and Business Relationships.**

In *Kenty*, 72 Ohio St. 3d, the Supreme Court of Ohio adopted Restatement of the Law 2d, Torts (1979) 20, Section 766, and provided the elements of the tort of intentional interference with a contract: "(1) the existence of a contract, (2) the wrongdoer's knowledge of the contract, (3) the wrongdoer's intentional procurement of the contract's breach, (4) lack of justification, and (5) resulting damages." Id., 72 Ohio St.3d at 419, 650 N.E.2d at 864. Interference with business relationship includes the same elements, excluding the necessity of an actual contract.

Defendants are fully aware of the existence of the clients and business or potential relationships. To determine whether the interference with another's contract or business relationship was improper under the fourth factor of the *Kenty* test (lack of justification), the Supreme Court of Ohio has adopted Restatement of the Law 2d, Torts (1979) 26, Section 767, which provides a list of factors for a court to consider. *Fred Siegel Co., L.P.A. v. Arter & Hadden* (1999), 85 Ohio St.3d 171, 178–179, 707 N.E.2d 853, 860–861. The Supreme Court of Ohio indicated:

In determining whether an actor has acted improperly in intentionally interfering with a contract or prospective contract of another, consideration should be given to the following factors: (a) the nature of the actor's conduct, (b) the actor's motive, (c) the interests of the other with which the actor's conduct interferes, (d) the interests sought to be advanced by the actor, (e) the social interests in protecting the freedom of action of the actor and the contractual interests of the other, (f) the proximity or remoteness of the actor's conduct to the interference, and (g) the

relations between the parties." Id. at paragraph three of the syllabus (citing *Restatement of the Law 2d, Torts* [1979] 26, Section 767.)

All of these factors weigh in favor of granting injunctive relief. Defendants directly targeted potential clients of the Plaintiff and Defendants sole interest in publicizing the false accusation of fraud was to damage the Plaintiff's business.

      b.    **Likelihood that Plaintiff will prevail in its Claim for Defamation.**

Plaintiff's Complaint also includes a claim for defamation. Defamation pertaining to a Plaintiff's trade or business requires a showing that the statements were knowingly false and that they were published. There is a presumption of damages for this defamation. Notwithstanding the presumption of damages, Plaintiff submits an Affidavit showing that the loss of clients is traceable and the timing of the decline in clients directly corresponds with the public accusations of fraud and that losses have already exceed $100,000.00.

The Plaintiff has met its burden of showing serious questions regarding their defamation claim as set forth in the Affidavit of Violetta Varenkova. There would be no hardship to the Defendants if they are ordered by this court to stop publicizing accusations about Plaintiff.

      2)    **Plaintiff Will Be Irreparably Harmed Without Injunctive Relief.**

Irreparable harm exists where there is no plain, adequate, and complete remedy at law, and for which money damages would be impossible, difficult, or incomplete. *Brakefire, Inc. v. Overbeck* (2007) 144 Ohio Misc. 2d 35. Adequate remedy of law means that the legal remedy must be as efficient as the indicated equitable remedy would be; that such legal remedy must be presently available in a single action; and that such remedy must be certain and complete. *Overbeck, Id; Mid-America Tire, inc. v. PTZ Trading Ltd*, 95 Ohio St. 3d 367, 380. Actual harm is not required as a threat of harm is a sufficient basis on which to grant injunctive relief. *Convergys Corp. v. Tackman* (2006), 169 Ohoi App. 3d 655, 666-667.

The loss of customer good will often amount to irreparable harm because the damages are difficult to compute. *Basicomputer Corp. v. Scott* (C.A. 6, 1992) 973 F. 2d 507. The court

should consider whether real or long term damage would occur to the Plaintiff's goodwill or future income. *State ex. rel. Great Lakes College, Inc. v. Med. Bd.* (1972), 29 Ohio St. 2d 198. In this case, IIP is irrefutably losing and will continue to lose business.

All of these factors lead to the conclusion that IIP will suffer irreparable injury without the issuance of a temporary restraining order and preliminary injunction. Loss of customers, potential customers, control of reputation and loss of good will constitutes irreparable injury. *Economou v. Physicians Weight Loss Center* (N.D. Ohio 1991), 756 F. Supp. 1024, 1039; Arthur Murray Dance Studios of Cleveland v. Witter (1952), 62 O.L.A. 17.

### 3) **The lack of injury to other party by granting the injunction**

The harm Defendants have caused the Plaintiff outweighs the limited restraint placed on the Defendants and Defendants will not be unjustifiably harmed by Injunctive Relief granted to the Plaintiff.

The proposed Injunctive Relief would simply require the Defendants to refrain from making disparaging statements about the Plaintiff.

### 4. **The Restraints Serve Ohio's Recognized Public Interest**.

The public interest of Ohio is clearly served by protecting businesses from being publicly accused of fraud without justification.

### C. **The Court Need Not Require a Bond.**

Civ.R. 65(C) provides in general that: "No temporary restraining order or preliminary injunction shall be operative until the party obtaining it gives a bond executed by a sufficient surety . . . in an amount fixed by the court or judge allowing it." Plaintiff submits that there are exceptions and that this Court may properly exercise its discretion to grant a TRO and preliminary injunction without requiring a bond based on the agreement between the parties.

Requirement of a bond or other security is not mandatory under Civ.R. 65(C). *Vanguard Transp. Sys. v, Edwards Transfer & Storage Co.* (1996), 109 Ohio App.3d 786, 793- 794. On the contrary, the court possesses considerable discretion to require only a nominal bond or no bond

at all. Id.  In this case, the preliminary injunction sought by Plaintiff would operate to enjoin an action by Defendants that would cause Plaintiff irreparable harm and for which there is no adequate remedy in the ordinary course of law.

In contrast to the harm that Plaintiff stands to suffer in the absence of injunctive relief, Defendants would suffer little if any harm by granting of the injunction.  Accordingly, this Court would be well within its discretion to require no bond or other security as a prerequisite to its grant of an effective preliminary injunction.  In the alternative, given the limited monetary damage that Defendants could suffer, Plaintiff requests that only a nominal bond or other security be required.

### D.  Conclusion

A balancing of the interests clearly favors the issuance of the requested relief.  Based on the foregoing arguments and authorities, Plaintiff respectfully requests this Court to enter the proposed temporary restraining order attached to this motion followed by a preliminary and permanent injunction.

Respectfully submitted,

RODERICK LINTON BELFANCE, LLP


/s/ David S. Nichol
David S. Nichol (0072194)
Attorneys for Plaintiff
50 S. Main St., 10th Floor
Akron, OH  44308
(330) 434-3000 - Telephone
(330) 434-9220 - Facsimile

<u>CERTIFICATE OF SERVICE</u>

Served per the Affidavit of Attorney David S. Nichol filed separately.

<u>*/s/ David S. Nichol*</u>
David S. Nichol (0072194)
RODERICK LINTON BELFANCE, LLP
Attorneys for IIP Management, LLC

EXHIBIT

tabbies®

1

## AFFIDAVIT OF VIOLETTA VARENKOVA

I, Violetta Varenkova, being first duly sworn do depose and declare under penalty of perjury that, to the best of my knowledge and belief, that the representations made in this Affidavit are true and correct.

1.      I am over the age of eighteen and I have personal knowledge of the following.

2.      I am the President of IIP Management, LLC, ("IIP") an Ohio Limited Liability Company formed in 2013, is a licensed Brokerage that manages residential real estate throughout Northeast, Ohio.

3.      I submit this Affidavit in support of IIP's Application for a TRO and Motion for Preliminary Injunction against Daniel Shifteh and his limited liability companies including AZ Dream Properties, LLC, Cleveland Dream Properties, LLC and Ohio Dream Properties, LLC as well as Irene Demetrulacos.

4.      In or around March of 2024, Daniel Shifteh, as owner of the three LLC's, executed five separate management agreements with IIP to manage five duplexes in Cuyahoga County.

5.      The management agreements set forth the charges for various services and Defendant Shifteh, on behalf of the three entities, reviewed the agreements in detail, negotiated certain terms, initialed each page and then signed as owner of the respective LLC.

6.      On information and belief, Daniel Shifteh has been through several other property management companies as he is very difficult to work with.

7.    The Defendants terminated all five agreements early (in mid-July) after just four months. IIP provided a full accounting of all funds received and paid out and all of the charges were made pursuant to the express terms of the agreements. As reflected in the accounting, all unused funds were returned to the Defendants.

8.    By way of example of Defendants bad faith, IIP has a standard provision in its contract whereby it charges $500.00 per rental unit for early termination. There are costs associated with onboarding new properties and this fee is necessary to protect against losses that would occur if the property management agreement is terminated prior to the end of the term. The Defendants (excluding Demetrulacos) asked, prior to the agreements being signed, if IIP would remove the early termination fee. I specifically denied this request and explained why IIP could not do this. Defendants were free to find another management company but agreed to sign with that provision included. Defendants did terminate the agreements after only four months. Defendants then publicly state that IIP engaged in fraud and criminal activity by charging the early termination fee.

9.    IIP has not breached any provision in the management agreements, let alone engaged in fraud. I have personally gone through all of the claims by Defendants that there were charges that were improper or not consistent with the management agreements and confirmed that all of the charges to Defendants were set forth in the agreements and were proper and consistent with the agreements and any communications with the Defendants.

10.    Notwithstanding, Defendants continue to post false, defamatory and obviously damaging statements on IIP's website, on Yelp in reports to the BBB and probably other publications that IIP is not aware of.

11.    On information and belief, Defendants also solicited Defendant Demetrucolos to separately post these defamatory statements. Daniel Shifteh denies knowing this individual, but

her statements on yelp (on behalf of a friend), mirror the timing and statements by the other Defendants and she resides within ten miles of Daniel Shifteh in NYC.

12.    A true and correct copy of the Yelp publication is attached as <u>Exhibit</u> "A". A true and correct copy of the website publication is attached as <u>Exhibit</u> "B". A true and correct copy of the Yelp publication by Defendant Demetrucolos is attached as <u>Exhibit</u> "C".

13.    When Defendant Shifteh and the three LLC's were notified of Plaintiffs intent to seek a TRO from this Court to prohibit any ongoing defamatory and damaging publications, instead of removing this information from public view, Defendants reposted the false accusations so that they would be the first thing anyone interested in doing business with IIP would see on its website. A true and correct copy of this re-post by Defendants is attached as <u>Exhibit</u> "D".

14.    Defendants have reposted the publications three times, including again this morning. After the complaint was filed in this case, the Defendants changed the message slightly by simply adding words to the effect that there is alleged fraud and referring to a small claims case he filed, but this makes little difference to the reader and the original stronger statements are still accessible.

15.    I am able to track the number of people that view IIP's website and the viewing has been consistent over the past year. However, the percentage of people that subsequently enter into contracts with IIP has dropped nearly 40% since the time Defendants have posted the statements contained in Exhibits "A" through "D".

16.    I am seeking a TRO to prohibit the Defendants from directly or indirectly publishing any statements about IIP or its agents or representatives, including but not limited to the statements on IIP's website, on Yelp and Google or any other review site or publication.

17.    I am also seeking a TRO prohibiting the Defendants from retaliating in any other way in response to the Plaintiff's motion for Injunctive Relief to protect its business.

FURTHER AFFIANT SAYETH NAUGHT.

Violetta Varenkova

)
)    SS
)

Sworn to before me, a Notary Public this __14__ day of November, 2024.

NOTARY PUBLIC

Notary Public State of Florida
Phyllis R Garcia
My Commission HH 400187
Expires 9/15/2027



**1:57**

RECOMMENDED REVIEWS IN MANAGEMENT

**Your trust is our top concern,** so businesses can't pay to alter or remove their reviews. **Learn more about reviews.**  ✕

Start your review...



### Daniel S.

 0 ⊛ 4 ⊠ 6



2 months ago

IIP was hired to manage my 5 properties on March 2024 . This was the biggest regret and mistake of my professional career.

I noticed substantial evidence of fraud and misappropriation of funds by IIP Management under Violetta management, and despite repeated request and notices to cease and desist such unauthorized activities and falsification of records, they continue to steal and misuse my funds and made of charges for services never rendered. I am currently suing them in Cleveland small claims court. So be aware of this entity and stay away

**1:53**



🔒 Q iip management reviews



← **Daniel Shifteh**
3 reviews · 3 photos



EXHIBIT

B

 ★★☆☆☆ a month ago

IIP was hired to manage my 5 properties on March 2024 . This was the biggest regret and mistake of my professional career.
I believed to have noticed substantial evidence of alleged fraud and alleged misappropriation of funds by IIP Management under Violetta management, and despite repeated request and notices to cease and desist such unauthorized activities and falsification of records, they appeared to have continue to steal and misuse my funds in my opinion and made up charges for services never rendered as evidence shows. I am currently suing them in Cleveland small claims court. So be aware of this entity and stay away





EXHIBIT

C

# You have 1 negative review

 **IIP Management** was reviewed by **irene deme**
Google - Nov 3, 2024

 1.0/5

Stay far, far away from this 'business' if you value your hard-earned money. Not only did they mishandle my friend's funds without any transparency, but he later found out they had been engaging in unauthorized activities with owners account—completely unethical and borderline criminal. They're all smiles when you sign on, but their true colors come out fast. It's clear they're just out to milk owners dry and cover their tracks when they're caught. Avoid this nightmare at all costs!

**Affordability**   **Customer Effort**   **Customer Service**

### Respond to Review

View our privacy notice | Unsubscribe from these email notifications

From: Violetta Varenkova <violetta@iip-management.com>
Sent: Wednesday, November 13, 2024 8:11 AM
To: Dave Nichol <DNichol@rlbllp.com>
Subject: Daniel Shifteh review again

Good morning , please see attached screenshot he updated his review again today to push it to the top.



EXHIBIT

D

Reviews > Daniel's review

Daniel S.

0   4   6

11/13/24   Updated review   •••

IIP was hired to manage my 5 properties on March 2024 .
This was the biggest regret and mistake of my
professional career.
I believed to have noticed substantial evidence of alleged
fraud and alleged misappropriation of funds by IIP
Management under Violetta management, and despite
repeated request and notices to cease and desist such
unauthorized activities, they appeared to have continue to
misuse my funds in my opinion. I noticed charges for
services I do not believe were ever rendered, as shown by
my records. I am currently suing them in Cleveland small
claims court. So be aware of this entity and stay awa

Comment   Direct message

Daniel S.'s previous review

8/27/24

IIP was hired to manage my 5 properties on March
2024 . This was the biggest regret and mistake of
my professional career.
I noticed substantial evidence of fraud and
misappropriation of funds by IIP Management
under Violetta management, and despite repeated
request and notices to cease and desist such
unauthorized activities and falsification of records,
they continue to steal and misuse my funds and
made of charges for services

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

IIP MANAGEMENT, LLC
**Plaintiff**

V.

DANIEL SHIFTEH, ET AL
**Defendant**

**CASE NO.** CV24106826

**JUDGE** WILLIAM F. B. VODREY

# SUMMONS  SUMA  CM

Notice ID: 55355451



| From: | IIP MANAGEMENT, LLC | P1 |
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | IRENE DEMETRULACOS | D5 |
| | 2150 71ST ST., APT. 2 | |
| | EAST ELMHURST NY 11370 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Amended Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff for the relief requested in the **Amended Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>11/18/2024</u>

By_____
**Deputy**

CMSN130

**UNITED STATES**
**POSTAL SERVICE**™

Date Produced: 11/25/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6765 29. Our records indicate that this item was delivered on 11/23/2024 at 12:36 p.m. in EAST ELMHURST, NY 11370. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :          **2150 71ST ST, EAST**
                                **ELMHURST, NY 11370**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

## THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

IIP MANAGEMENT, LLC
**Plaintiff**

V.

DANIEL SHIFTEH, ET AL
**Defendant**

**CASE NO.** CV24106826

**JUDGE** WILLIAM F. B. VODREY

# SUMMONS  SUMA  CM

**Notice ID:** 55355450

| From: | IIP MANAGEMENT, LLC | P1 |
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | OHIO DREAM PROPERTIES, LLC | D4 |
| | C/O DANIEL SHIFTEH | |
| | 225 E. 36 ST., APT. 19 FG | |
| | NEW YORK NY 10016 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Amended Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff for the relief requested in the **Amended Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>11/18/2024</u>

By_____
**Deputy**

CMSN130

**POSTAL SERVICE**™

Date Produced: 11/25/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6765 05. Our records indicate that this item was delivered on 11/23/2024 at 04:18 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :    **225 E 36TH ST, NEW YORK, NY 10016**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
## CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

IIP MANAGEMENT, LLC
**Plaintiff**

**CASE NO.** CV24106826

V.

**JUDGE** WILLIAM F. B. VODREY

DANIEL SHIFTEH, ET AL
**Defendant**

# SUMMONS  SUMA CM

Notice ID: 55355449



| From: | IIP MANAGEMENT, LLC | P1 |
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | CLEVELAND DREAM PROPERTIES, LLC | D3 |
| | C/O DANIEL SHIFTEH | |
| | 225 E. 36 ST., APT. 19 FG | |
| | NEW YORK NY 10016 | |

### NOTICE TO THE DEFENDANT:

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Amended Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff. You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff for the relief requested in the **Amended Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: 11/18/2024

By_____
**Deputy**

CMSN130

Date Produced: 11/25/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6764 82. Our records indicate that this item was delivered on 11/23/2024 at 04:19 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :  **225 E 36TH ST, NEW YORK, NY 10016**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

# THE COURT OF COMMON PLEAS, CIVIL DIVISION
# CUYAHOGA COUNTY, OHIO

Clerk of Courts | The Justice Center | 1200 Ontario Street 1st Floor, Cleveland, Ohio 44113

<u>IIP MANAGEMENT, LLC</u>
**Plaintiff**

V.

<u>DANIEL SHIFTEH, ET AL</u>
**Defendant**

**CASE NO.** CV24106826

**JUDGE** WILLIAM F. B. VODREY

## SUMMONS SUMA CM

Notice ID: 55355448



| From: | IIP MANAGEMENT, LLC | P1 |
| | 57 ALPHA PARK | |
| | CLEVELAND OH 44143 | |

| Atty.: | DAVID S NICHOL |
| | 50 S MAIN ST |
| | 10TH FLOOR |
| | AKRON, OH 44308-0000 |

| To: | AZ DREAM PROPERTIES, LLC | D2 |
| | C/O DANIEL SHIFTEH | |
| | 225 E. 36 ST., APT. 19 FG | |
| | NEW YORK NY 10016 | |

**NOTICE TO THE DEFENDANT:**

The Plaintiff has filed a lawsuit against you in this Court. You are named as a defendant. A copy of the **Amended Complaint** is attached.

If you wish to respond to the Complaint, you must deliver a written **Answer** to the Plaintiff's attorney (or the Plaintiff if not represented by an attorney) at the above address *within 28 days* after receiving this Summons (not counting the day you received it). A letter or a phone call will not protect you. Civil Rule 5 explains the ways that you may deliver the **Answer** (http://www.supremecourt.ohio.gov/LegalResources/Rules/civil/CivilProcedure.pdf)

You must also file a copy of your **Answer** with this Court within 3 days *after* you serve it on the Plaintiff.  You can file your **Answer** with the Clerk of Courts by one of the following methods: 1) In-person or by mail at the above address or 2) electronically through the online e-Filing system. For more information on using the e-Filing system, visit http://coc.cuyahogacounty.us/en-US/efiling.aspx.

If you fail to serve *and* file your **Answer**, you will lose valuable rights. The Court will decide the case in favor of the Plaintiff for the relief requested in the **Amended Complaint** by entering a default judgment against you.

You may wish to hire an attorney to represent you. Because this is a civil lawsuit, the Court cannot appoint an attorney for you. If you need help finding a lawyer, contact a local bar association and request assistance.



**Nailah K. Byrd**
**Clerk of Court of Common Pleas**
**216-443-7950**

Date Sent: <u>11/18/2024</u>

By_____
                    **Deputy**

CMSN130

**UNITED STATES**
**POSTAL SERVICE**™

Date Produced: 11/25/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6764 68. Our records indicate that this item was delivered on 11/23/2024 at 04:19 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :        **225 E 36TH ST, NEW YORK,**
                              **NY 10016**

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.

**UNITED STATES POSTAL SERVICE**

Date Produced: 11/25/2024

CERTIFIED MAIL SOLUTIONS INC.:

The following is the delivery information for Certified Mail™/RRE item number 9314 8001 1300 3550 6764 44. Our records indicate that this item was delivered on 11/23/2024 at 04:18 p.m. in NEW YORK, NY 10016. The scanned image of the recipient information is provided below.

Signature of Recipient :

Address of Recipient :       225 E 36TH ST, NEW YORK, NY 10016

Thank you for selecting the Postal Service for your mailing needs.  If you require additional assistance, please contact your local post office or Postal Service representative.

Sincerely,
United States Postal Service

The customer reference number shown below is not validated or endorsed by the United States Postal Service. It is solely for customer use.



**NAILAH K. BYRD**
**CUYAHOGA COUNTY CLERK OF COURTS**
1200 Ontario Street
Cleveland, Ohio 44113

## Court of Common Pleas

**NOTICE OF APPEARANCE**
**November 19, 2024 15:48**

By: DAVID J. HORVATH 0055989

Confirmation Nbr. 3332631

| | |
|---|---|
| IIP MANAGEMENT, LLC | CV 24 106826 |
| vs. | |
| DANIEL SHIFTEH, ET AL | **Judge:**  WILLIAM F. B. VODREY |

**Pages Filed:**  1

IN THE COURT OF COMMON PLEAS

CUYAOGA COUNTY, OHIO

IIP MANAGEMENT, LLC   )  CASE 24 CV 106826
          )
  PLAINTIFF     )  JUDGE WILLIAM F.B. VODREY
          )
          )
VS.         )  NOTICE OF APPEARANCE
          )
          )
DANIEL SHIFTEH, ET AL   )
          )
  DEFENDANTS    )
          )
          )

Now comes the undersigned attorney, David J. Horvath, and does hereby enter his

appearance as counsel for Daniel Shifteh, AZ Dream Properties, LLC, Cleveland Dream

Properties, LLC, and Ohio Dream Properties, LLC.  Please direct all service and

communications regarding these Defendants to the undersigned at the address, phone number

and email address below.

       Respectfully submitted,

       _/s/ David J. Horvath _____
       David J. Horvath  0055989
       7100 E Pleasant Valley Rd.
       Suite 110
       Independence, OH  44131
       216-986-0860
       djhorvath@hotmail.com

SERVICE

This notice shall be served upon counsel of record for all parties by way of this Court's
electronic filing system and upon all unrepresented parties by US Mail this 19th day of
November, 2024.

       ___/s/  David J. Horvath _____



188876122

# IN THE COURT OF COMMON PLEAS
# CUYAHOGA COUNTY, OHIO

IIP MANAGEMENT, LLC
    Plaintiff

Case No: CV-24-106826

Judge: WILLIAM F. B. VODREY

DANIEL SHIFTEH, ET AL
    Defendant

## JOURNAL ENTRY

40 ADR

ATTORNEY CONFERENCE HELD ON 11/20/2024. PARTIES APPEARED THROUGH COUNSEL.
THIS CASE SHALL PROCEED AS FOLLOWS:

AS AGREED TO BY COUNSEL, PRELIMINARY HEARING SET FOR 12-19-24 AT 1:30PM.

ALL FACT DISCOVERY SHALL BE COMPLETED BY 02-28-25.

COURT MEDIATION TO OCCUR BETWEEN 03-03-25 AND 03-14-25.

DISPOSITIVE MOTIONS SHALL BE DUE BY  04-04-25; BRIEFS IN OPPOSITION AND REPLIES SHALL BE DUE BY
CIV.R.6.

FINAL PRETRIAL SET FOR 06-12-25 AT 1:30PM.
COUNSEL ARE DIRECTED TO DIAL 1-605-562-8400 AND ENTER CODE 1289312 TO JOIN THE CALL. CLIENTS OR
INDIVIDUALS WITH FULL SETTLEMENT AUTHORITY MUST BE PRESENT AT THE FINAL PRETRIAL OR
IMMEDIATELY AVAILABLE BY TELEPHONE.

TRIAL SET FOR 07-21-25 AT 10:00AM.
THE COURT HEREBY ORDERS THE PARTIES TO FILE THE FOLLOWING AT LEAST 14 DAYS PRIOR TO TRIAL: (1)
TRIAL BRIEFS; (2) WITNESS LISTS; (3) EXHIBIT LISTS; (4) JOINT JURY INSTRUCTIONS, JURY INTERROGATORIES,
AND/OR JURY VERDICT FORMS; (5) STIPULATIONS; AND (6) A CONCISE, MUTUALLY AGREED-UPON STATEMENT
OF THE CASE TO BE READ TO THE JURY AT THE OUTSET OF THE TRIAL.

MOTIONS IN LIMINE, IF ANY, SHALL BE FILED AT LEAST 28 DAYS BEFORE TRIAL.  ANY BRIEF IN OPPOSITION IS
DUE 14 DAYS THEREAFTER.  NO REPLY SHALL BE PERMITTED.

CAPTIONED CASE IS HEREBY REFERRED TO MEDIATION WITH THE COURT MEDIATOR.

COURT MEDIATION TO OCCUR BETWEEN 03-03-25 AND 03-14-25.

_____
Judge Signature               11/22/2024

- 40
11/20/2024

RECEIVED FOR FILING
11/22/2024 15:31:56
NAILAH K. BYRD, CLERK



CV24106826                      188960994

**FILED**

2024 NOV 22 ℗ 1: 40

CLERK OF COURTS
CUYAHOGA COUNTY

## IN THE COURT OF COMMON PLEAS
## CUYAHOGA COUNTY, OHIO

IIP Management, LLC                    )
57 Alpha Park                          )
Cleveland, OH  44143                   )
                                       )
      Plaintiff,          )
                                       )
  -vs-                            )
                                       )
Daniel Shifteh                         )
225 E. 36 St., Apt. 19 FG              )
New York, NY  10016                    )
                                       )
and                                    )
                                       )
AZ Dream Properties, LLC               )
c/o Daniel Shifteh                     )
225 E. 36 St., Apt. 19 FG              )
New York, NY  10016                    )
                                       )
and                                    )
                                       )
Cleveland Dream Properties, LLC        )
c/o Daniel Shifteh                     )
225 E. 36 St., Apt. 19 FG              )
New York, NY  10016                    )
                                       )
and                                    )
                                       )
Ohio Dream Properties, LLC             )
c/o Daniel Shifteh                     )
225 E. 36 St., Apt. 19 FG              )
New York, NY  10016                    )
                                       )
and                                    )
                                       )
Irene Demetrulacos                     )
2150 71st St., Apt. 2                  )
East Elmhurst, NY  11370               )

CASE NO:  CV 2024 106826

JUDGE WILLIAM F.B. VODREY


**TEMPORARY RESTRAINING
ORDER AND ORDER SETTING
HEARING FOR PRELIMINARY
INJUNCTION**

|  | ) |
|---|---|
| Defendants. | ) |

This matter came before the Court upon the Application of Plaintiff IIP Management, LLC for a Temporary Restraining Order and a Motion for Preliminary Injunction.  The hearing on Plaintiff's Application for Preliminary Injunction, by agreement of the parties, is scheduled for December 19, 2024 at 1:30 p.m.

Further, upon considering the application for a Temporary Restraining Order, the Court finds the same to be well taken and hereby grants Plaintiff a Temporary Restraining Order enjoining Defendants Daniel Shifteh, AZ Dream Properties, LLC, Cleveland Dream Properties, LLC and  Ohio Dream Properties, LLC as follows:

Defendants Daniel Shifteh, AZ Dream Properties, LLC, Cleveland Dream Properties, LLC and Ohio Dream Properties, LLC are prohibited from publicizing or reposting any further accusations of theft, fraud, unauthorized charges or other misconduct by IIP Management on Yelp, Google or any other publications viewable by clients or potential clients of IIP Management.

Defendants are also Ordered to remove any current publications or references and to refrain from posting any additional such accusations until further Order of this Court.

IT IS SO ORDERED.

_____  12-22-24
JUDGE

APPROVED:

/s/ David S. Nichol
David S. Nichol (0072194)