UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| IIP MANAGEMENT, LLC | ) |
| | ) CASE NO. 1:24-CV-02160-JPC |
| Plaintiff, | ) |
| | ) **Judge J. Philip Calabrese** |
| | ) Magistrate Judge Jennifer Dowdell Armstrong |
| v. | ) |
| | ) |
| DANIEL SHIFTEH, et al, | ) |
| | ) |
| Defendants. | ) |

**DEFENDANTS DANIEL SHIFTEH, AZ DREAM PROPERTIES, LLC, CLEVELAND DREAM PROPERTIES, LLC, AND OHIO DREAM PROPERTIES, LLC'S ANSWER AND AFFIRMATIVE DEFENSES TO PLAINTIFF'S AMENDED COMPLAINT**

Defendants Daniel Shifteh, AZ Dream Properties, LLC, Cleveland Dream Properties, LLC, and Ohio Dream Properties, LLC (collectively, the "Shifteh Defendants"), hereby submits their Answer and Affirmative Defenses to the Amended Complaint Filed by Plaintiff IIP Management, LLC ("Plaintiff").

1. Plaintiff, IIP Management, LLC ("IIP" or "Plaintiff'), is an Ohio Limited Liability Company formed in 2013 and is a licensed brokerage that manages residential real estate throughout Northeast Ohio.

**ANSWER: The Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

2. Defendant, Daniel Shifteh ("Shifteh") is an individual residing in New York, New York who has purchased numerous investment properties, either directly or through his Limited

Liability Companies, including the properties at issue in this complaint that are located in the Cleveland area.

**ANSWER: The Shifteh Defendants admit the allegations contained in this Paragraph.**

3. Defendant, AZ Dream Properties, LLC, upon information and belief, is owned by Defendant Shifteh and conducts business in Ohio but is not duly registered with the State of Ohio.

**ANSWER: The Shifteh Defendants admit the allegations contained in this Paragraph.**

4. Defendant, Cleveland Dream Properties, LLC upon information and belief, is owned by Defendant Shifteh and conducts business in Ohio but is not duly registered with the State of Ohio.

**ANSWER: The Shifteh Defendants admit the allegations contained in this Paragraph.**

5. Ohio Dream Properties, LLC is a limited liability company licensed to conduct business in the State of Ohio.

**ANSWER: The Shifteh Defendants admit the allegations contained in this Paragraph.**

6. AZ Dream Properties, LLC, Cleveland Dream Properties, LLC and Ohio Dream Properties, LLC will be collectively referred to as "LLC's".

**ANSWER: The Shifteh Defendants state that this paragraph contains no allegations to which a response is required. The Shifteh Defendants state they will collectively refer to Defendants AZ Dream Properties, LLC, Cleveland Dream Properties, LLC, and Ohio Dream Properties, LLC as the "LLC Defendants".**

7. Defendant, Irene Demetrulacos ("Demetrulacos") aka Irene Deme, is an individual residing in East Elmhurst, New York.

**ANSWER: The Shifteh Defendants state that upon information and belief Defendant Irene Demetrulacos is domiciled in New York. The Shifteh Defendants are without**

2

knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.

8. In or around March of 2024, Daniel Shifteh, as owner of the three LLC's, terminated his existing property management company and executed five management agreements with IIP on behalf of his LLC's. The five properties included a total of ten units as each of the properties were duplexes.

**ANSWER: The Shifteh Defendants admit the allegations contained in this Paragraph.**

9. Defendant Shifteh, on behalf of the LLC's, reviewed the agreements in detail and signed and initialed each page and signed as owner of the respective LLC. Plaintiff fully complied with those agreements.

**ANSWER: The Shifteh Defendants admit that Defendant Daniel Shifteh reviewed and executed the agreements.  The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

10. In or around July, 2024, Defendants terminated all five of the management agreements after just four months. Plaintiff had been managing the properties and collecting rent and applying charges pursuant to the contracts during this four-month period.

**ANSWER: The Shifteh Defendants admit that the Shifteh Defendants terminated the management agreements.  The Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

11. A full accounting for all funds received, funds paid out and payments to Defendants were provided to the Defendants in the usual course of business after the terminations.

**ANSWER: The Shifteh Defendants admit that they received an accounting of funds received and paid out after the terminations. The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

12. The Plaintiff applied a termination fee of $500.00 per property as called for in the management agreements and this was also included in the accounting.

**ANSWER: The Shifteh Defendants admit that Plaintiff applied a termination fee pursuant to the management agreements. The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

13. Defendants falsely accused IIP of breach of contract, theft, fraud and misuse of funds in an effort to recover more funds than what they were owed.

**ANSWER: The Shifteh Defendants deny the allegations contained in this Paragraph.**

14. Defendant Daneil Shifteh filed a small claims matter and included unsubstantiated allegations of fraud based on IIP's application of charges expressly set forth in the agreements with the LLC's and as expressly acknowledged by Defendant Shifteh between March and July of 2024.

**ANSWER: The Shifteh Defendants admit Defendant Daniel Shifteh filed a matter in Cleveland Municipal Court related to Plaintiff's performance under the management agreements. The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

15. Defendant Shifteh failed to attach the contracts to the complaint because IIP complied with these contracts and the actual contracts directly contradicts his false accusations of fraud.

**ANSWER: The Shifteh Defendants deny the allegations contained in this Paragraph.**

16. Defendant Shifteh also maliciously published false and defamatory statements on IIP's website as well as Yelp. A copy of the Yelp publication is attached as Exhibit "A". A copy of the website publication is attached as Exhibit "B".

**ANSWER: The Shifteh Defendants admit Defendant Daniel Shifteh drafted and left a review on IPP's Yelp page. The Shifteh Defendants refer the Court to the referenced Exhibits A and B for their full, complete, and accurate contents, and deny any allegations or characterizations inconsistent therewith. The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

17. When it was pointed out to Defendant Shifteh that he was publishing false accusations of fraud with the intent to damage IIP's business, not only did Shifteh refuse to remove his defamatory statements, on information and belief he enlisted a third party, Defendant Demetrulacos, to also publish defamatory statements about IIP. The defamatory statement by Defendant Demetrulacos is attached as Exhibit "C".

**ANSWER: The Shifteh Defendants refer the Court to the referenced Exhibit C for its full, complete, and accurate contents, and deny any allegations or characterizations inconsistent therewith. The Shifteh Defendants deny the allegations contained in this Paragraph.**

18. Defendant Demetrulacos has never had any dealings or communications with anyone at IIP and has no personal knowledge of what Defendant Shifteh agreed to or what charges were made by IIP and why. Yet, she posted a statement that IIP had stolen money and engaged in fraud.

**ANSWER: The Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

19. When Defendants Shifteh and the LLC Defendants were notified that the defamatory publications were severally damaging the Plaintiff's business with the request to remove them, Defendants reposted the defamatory statement on Plaintiffs website to make sure it would be the first review read by any existing or prospective client of the Plaintiffs. A copy of this publication is attached as Exhibit "D".

**ANSWER: The Shifteh Defendants admit Defendant Daniel Shifteh drafted and left a second review on IIP's Yelp page. The Shifteh Defendants refer the Court to the referenced Exhibit D for its full, complete, and accurate contents, and deny any allegations or characterizations inconsistent therewith. The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

## Count One-Defamation

20. Paragraphs 1 through 19 are incorporated as if fully rewritten herein.

**ANSWER: The Shifteh Defendants incorporate by reference their responses to Paragraphs 1-19.**

21. Defendants' statements were false and disparaging and were intended to damage the Plaintiffs business.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. The Shifteh Defendants deny the allegations contained in this Paragraph.**

22. The statements by the Defendants were directed at customers and potential customers of the Plaintiff with the clear objective of persuading these customers to refrain from conducting business with IIP.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants deny the allegations contained in this Paragraph.**

23. The statements by Defendants were intended to damage Plaintiffs reputation with potential customers, amongst its peers and in the community as a whole.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants deny the allegations contained in this Paragraph.**

24. In addition, IIP had tracked an approximate 50% reduction of signed contracts from people that go onto its website since the defamatory statements were published by Defendants.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

25. The Plaintiff has lost at least 5-7 clients per month since the time Defendants initiated the defamatory statements. The damages through the date of this Amended Complaint

already exceed $ 100,000.00. Defendants are refusing to remove the defamatory publications even after being notified of the damages they are causing. In response to request to remove the defamatory publications, Defendants have in turn re-published the defamatory accusations in order to make them even more public as the first review that is posted when excessing the Plaintiffs website.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants admit that Defendant Daniel Shifteh has removed the statements at issue in Plaintiff's Amended Complaint attributed to him. The Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

26. In any event, as the communications were defamatory per se, Plaintiff is entitled to a presumption of damages.

**ANSWER: The Shifteh Defendants deny the allegations contained in this Paragraph.**

27. The actions of the Defendants were also wanton, willful and malicious entitling Plaintiff to punitive damages.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements or took any actions and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. The Shifteh Defendants deny the allegations contained in this Paragraph.**

**Count Two-Tortious Interference with Business**

28. Paragraphs 1 through 27 are incorporated as if fully rewritten herein.

**ANSWER: The Shifteh Defendants incorporate by reference their responses to Paragraphs 1-27.**

29. The Plaintiff relies on its marketing to promote the company and to gain new clients for property management services. The Defendants are aware of this and targeted and continue to target these prospective clients by continuing to publish the defamatory statements.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants deny the allegations contained in this Paragraph.**

30. The statements posted by Defendants were material and were intended to dissuade anyone reviewing the statements from entering into contracts with IIP.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants deny the allegations contained in this Paragraph.**

31. Defendants knew that the statements were false because Defendants had possession of the management agreements that set forth what charges were permitted.

**ANSWER: The Shifteh Defendants deny the allegations contained in this Paragraph.**

32. To have a contract that states that IIP would charge a certain amount for a certain service and then to publish statements that IIP engaged in fraud and stole money by collecting

9

charges that were agreed upon pursuant to the written agreements is a clear intent to misrepresent material information.

**ANSWER: The Shifteh Defendants deny the allegations contained in this Paragraph.**

33. The Defendants knew that their false accusations would be read by customers and potential customers of the Plaintiff.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants deny the allegations contained in this Paragraph.**

34. The false statements were not privileged or justified.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements or took any actions and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. The Shifteh Defendants deny the allegations contained in this Paragraph.**

35. As a direct and proximate result of the statements and actions of the Defendants, IIP has suffered damages exceeding $ 100,000.00 and that will continue to grow each day the Defendants refuse to cease and desist from publishing these statements.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants admit that Defendant Daniel Shifteh has removed the statements at issue in Plaintiff's Amended Complaint attributed to him. The Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth**

**of the remaining allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

36. Defendants' actions were and continue to be wanton, willful, egregious and malicious entitling Plaintiff to punitive damages in an amount to be determined at the time of trial.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements or took any actions and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. The Shifteh Defendants deny the allegations contained in this Paragraph.**

### Count Three-Injunctive Relief

37. Paragraphs 1 through 36 are incorporated as if fully rewritten herein.

**ANSWER: The Shifteh Defendants incorporate by reference their responses to Paragraphs 1-36.**

38. IIP is seeking injunctive relief as damages alone will not be sufficient relief. Defendants' actions are adversely impacting HP's business and will continue to do so absent an Order from this court that Defendants remove any publications about IIP.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Amended Complaint that the LLC Defendants made any statements or took any actions and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants admit that Defendant Daniel Shifteh has removed the statements at issue in Plaintiff's Amended Complaint attributed to him. The Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

39. Plaintiff will be irreparably harmed absent injunctive relief.

**ANSWER: The Shifteh Defendants admit that Defendant Daniel Shifteh has removed the statements at issue in Plaintiff's Amended Complaint attributed to him. The Shifteh Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, the Shifteh Defendants deny those allegations.**

40. Plaintiff is entitled to injunctive relief against Defendants as its remedies at law are inadequate to fully protect its interests.

**ANSWER: The Shifteh Defendants admit that Defendant Daniel Shifteh has removed the statements at issue in Plaintiff's Amended Complaint attributed to him. The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

41. Plaintiff is entitled to temporary, preliminary and permanent injunctive relief pursuant to which Defendants be restrained and enjoined from making further false and disparaging statements about the Plaintiff.

**ANSWER: The Shifteh Defendants state that there are no allegations contained in this Complaint that the LLC Defendants made any statements or took any actions and, on that basis, deny the allegations contained in this Paragraph as to the LLC Defendants. Responding further, the Shifteh Defendants admit that Defendant Daniel Shifteh has removed the statements at issue in Plaintiff's Amended Complaint attributed to him. The Shifteh Defendants deny the remaining allegations contained in this Paragraph.**

## **AFFIRMTIVE DEFENSES**

In addition to the foregoing response, the Shifteh Defendants generally deny liability for all claims alleged in the Amended Complaint, deny each allegation in Plaintiff's Amended Complaint that have not been expressly admitted, and asserts the following affirmative defenses to the claims alleged. In doing so, the Shifteh Defendants do not assume the burden of proof on these defenses where applicable law provides otherwise.

1. Plaintiff's Amended Complaint fails to state a claim against the Shifteh Defendants upon which relief may be granted.

2. Plaintiff's claims are barred, in whole or in part, by the First Amendment to the United States Constitution.

3. Plaintiff's claims are barred, in whole or in part, by Article I, § 11, of the Ohio Constitution.

4. Plaintiff's claims are barred, in whole or in part, because the alleged statements in the Complaint which Plaintiff contends are defamatory are true or substantially true.

5. Plaintiff's claims are barred, in whole or in part, because the alleged statements in the Complaint which Plaintiff contends are defamatory are protected opinion.

6. Plaintiff's claims are barred, in whole or in part, because the alleged statements in the Complaint which Plaintiff contends are defamatory are true or substantially true.

7. Plaintiff's claims are barred, in whole or in part, because the disputed statements are subject to qualified privilege.

8. Plaintiff's claims are barred, in whole or in part, because the alleged statements in the Complaint which Plaintiff contends are defamatory are not reasonably capable of the alleged defamatory meaning attributed to them.

9. Plaintiff's alleged damages, if any, are speculative and hypothetical, and are not cognizable as a matter of law.

10. Plaintiff's claims are barred because the allegedly defamatory statements did not cause or contribute to the alleged damages suffered by Plaintiff.

11. Any injury allegedly caused to Plaintiff as alleged in its Amended Complaint resulted solely from Plaintiff's own nonfeasance, misfeasance, and malfeasance.

12. Plaintiff has failed to mitigate its damages.

13. Exemplary or punitive damages are not recoverable because the Shifteh Defendants did not act with common law actual malice and constitutional actual malice.

14. The Shifteh Defendants reserve the right to amend it Answer to add such additional defenses, cross-claims, counterclaims, and/or third-party complaints as may be discovered during the course of discovery.

**WHEREFORE,** having fully answered, the Shifteh Defendants respectfully request this Court dismiss Plaintiff's Amended Complaint, with prejudice, with all costs to be borne by the Plaintiff, and that this Court award the Shifteh Defendants their costs and fees, including attorney's fees, incurred in the defense of this action together with any other relief this Court deems just and proper.

Dated:  December 19, 2024                                          Respectfully submitted,

        */s/ John W. Breig, Jr.*
ROBERT A. ZIMMERMAN (0055478)
JOHN W. BREIG, JR. (0096767)
ZACHARY G. TOMI (00103784)
**BENESCH, FRIEDLANDER, COPLAN &**
  **ARONOFF LLP**
127 Public Square, Suite 4900
Cleveland, Ohio 44114
Telephone:  216.363.4500
Facsimile:  216.363.4588
Email:  rzimmerman@beneschlaw.com
        jbreig@beneschlaw.com
        ztomi@beneschlaw.com

*Attorneys for Defendant Daniel Shifteh, Defendant AZ Dream Properties, LLC, Defendant Cleveland Dream Properties, LLC, and Defendant Ohio Dream Properties, LLC*

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that the foregoing was filed electronically on the 19th day of December, 2024, in accordance with the Court's Electronic Filing Guidelines. Notice of this filing will be sent to all parties by operation of the Court's Electronic Filing System. Parties may access this filing through the Court's Filing System. The undersigned further certifies that they have this day also caused to be mailed, via electronic mail, a true and correct copy of the foregoing document to:

DAVID S. NICHOL (0072194)
RODERICK LINTON BELFANCE, LLP
50 S. Main, 10th Floor
Akron, OH 44308
(330) 434-3000
dnichol@rlbllp.com
*Attorney for Plaintiff*

IRENE DEMETRULACOS
Irenedeme86@gmail.com
*Pro se Defendant*

> /s/ John W. Breig, Jr
> *One of the Attorneys for Daniel Shifteh, Defendant AZ Dream Properties, LLC, Defendant Cleveland Dream Properties, LLC, and Defendant Ohio Dream Properties, LLC*